IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID W. HENDRICKS and
SABRINA HENDRICKS                                                                  PLAINTIFFS

VS.                          CASE #_____

JIYA N SARAH, LLC d/b/a
SUPER 8 BY WYNDHAM MALVERN                                             DEFENDANT

**COMPLAINT AT LAW**

    COME NOW PLAINTIFFS, David W. Hendricks and Sabrina Hendricks, by and through their undersigned counsel, and for their Complaint at Law do state, to-wit:

    **I.**    **Parties, Jurisdiction and Venue**

    1.    Plaintiffs are now and at all relevant times hereto residents and domiciliaries of the state of Texas, where they reside as man and wife within the bounds of matrimony, and were so situated on May 18, 2019, at the time complained of herein.

    2.    Defendant is now and at all relevant times hereto an Arkansas Limited Liability Company organized in and with its principal place of business in Arkansas, and operates a Hotel in Hot Spring County, Malvern, Arkansas, which lets or rents rooms to the public for profit.

    3.    It is presently believed that the members of the Defendant LLC are now and at all relevant times hereto residents of the state of Arkansas.

    4.    Plaintiff seeks compensatory damages for personal injuries alleged to have been proximately caused by the Defendant in an amount in excess of the minimum amount required for purposes of federal diversity jurisdiction.

5. Defendant's place of business, and the location of the incident complained of herein, is located in Hot Spring County, Malvern, Arkansas, and within the Hot Springs Division of the United States District Court for the Western District of Arkansas.

6. Therefore, jurisdiction is proper and venue properly lies herein.

## II. Background Facts

7. Plaintiffs incorporate paragraphs 1-6 as if set forth fully herein.

8. Plaintiffs rented a hotel room from Defendant on May 18, 2019, at Defendant's place of business in Hot Spring County, Malvern, Arkansas.

9. Plaintiffs were business invitees upon Defendant's premises.

10. Plaintiffs went to inspect the room and after finding the same to be unacceptable began to walk back to the front office of the Hotel.

11. As Plaintiff David Hendricks traversed the outside stairwell from the room location to the front desk, he slipped on the metal staircase and fell suffering serious physical injury.

12. Plaintiff Sabrina Hendricks then assisted Plaintiff David Hendricks to their truck and they drove around the building to the front desk to report the slip and fall.

13. As Plaintiff Sabrina Hendricks explained to the front desk manager the fact of the slip and fall, the manager on duty informed them that he, the manager on duty, had previously warned management of the slippery surface and that someone was going to be hurt.

14. The Manager on duty also informed the Hendricks that he, the manager on duty, was filling in for his Grandmother, who was hospitalized.

15. The stairwell itself had either been recently repainted or refurbished resulting in a slick surface atop the stairwell or, in the alternative, the stairwell had been allowed to deteriorate to such a condition as to pose a risk to all who attempted to traverse it.

16. Despite having knowledge of the slick surface and that the location of Plaintiffs' room required Plaintiffs to traverse the slick area, the manager on duty issued no warning whatsoever to Plaintiffs prior to allowing Plaintiffs to traverse the specific area despite his knowledge of the surface condition and the fact that it was raining during this time.

17. At the time of making their complaint of the incident and Plaintiff's injuries to the front desk manager, Plaintiffs requested a copy of the surveillance video from the manager on duty but their request was denied. Therefore, Defendant, by and through its agents, has been on notice since the date of the incident complained of herein that Plaintiff desires a copy of the surveillance video depicting his slip and fall. If the same is now unavailable, Plaintiff requests the jury be instructed pursuant to AMI 106 or the corresponding Eighth Circuit Instruction.

18. Allowing such a slick surface to exist in the common areas utilized by business invitees without warning or any attempt to correct or ameliorate the condition of the premises, in addition to management having knowledge of the dangerous condition and specifically failing to warn business invites such as Plaintiffs of the known danger, constitutes acts of negligence on the part of Defendant.

### III.   Claims for Relief

19. Plaintiff incorporates paragraphs 1-19 as if set forth fully herein.

20. Defendant, by and through its agents, was negligent in its maintenance, upkeep and surfacing of its stairwells by allowing a condition such as was encountered by Plaintiffs to exist upon its premises.

21. Defendant, by and through its agents, was negligent in allowing the condition of its premises to exist in such a dangerous condition, which condition had existed for such a period of time that Defendant had actual knowledge of the condition but did nothing to remove or ameliorate the same, failed to warn Plaintiffs of the stairwells condition despite having prior actual knowledge of its slickness and propensity to cause physical injury and other such acts, actions and/or omissions as are found during the discovery process.

22. Defendant's negligence proximately caused damages to Plaintiff David Hendricks by way of medical expenses, lost earnings, pain, suffering and mental anguish and other such elements of damage as shall be proven at trial proper all in amount in excess of the minimum amount required for purposes of federal diversity jurisdiction.

23. Defendant's negligence proximately caused a loss of consortium to Plaintiff Sabrina Hendricks by way of the loss of services, society, companionship and marital relationship of Plaintiff David Hendricks during his period of injury and recovery.

24. Plaintiffs respectfully reserve the right to amend their Complaint.

25. Plaintiffs respectfully request trial by jury of all questions of fact herein.

Respectfully Submitted,

The Brad Hendricks Law Firm
Edward T. Oglesby, ABN 89158
500 C Pleasant Valley Drive
Little Rock, AR  72227
(501) 221-0444
(501) 661-0196 (facsimile)
*eoglesby@bradhendricks.com*

The Brad Hendricks Law Firm
Matthew E. Hartness, ABN 96005
500 C Pleasant Valley Drive
Little Rock, AR  72227
(501) 221-0444
(501) 661-0196 (facsimile)
*mhartness@bradhendricks.com*